* This panel unanimously finds this case suitable for decision without oral argument. *See*

ernment's concessions at oral argument, that this case should be remanded. At this point, however, I believe that it is premature for our court to direct an award of benefits. I would therefore simply remand for further administrative proceedings. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000).

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Danny Joseph FABRICANT, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Danny Joseph Fabricant, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Danny Joseph Fabricant, a/k/a Daniel Joseph Fabricant, Defendant—Appellant.**

**Nos. 05–50479, 05–50711, 06–50537.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed Sept. 10, 2007.

Becky S. Walker, Esq., April Anita Christine, Esq., USLA—Office of the U.S.

---

Fed. R.App. P. 34(a)(2).

Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Danny Joseph Fabricant, USPV—U.S. Penitentiary, Adelanto, CA, pro se.

Before: KOZINSKI, KLEINFELD and TALLMAN, Circuit Judges.

### MEMORANDUM **

1. Because the district court's commitment order was unambiguous, there was no clear error in denying defendant's request for clarification.

2. Defendant has offered no evidence that the investigator failed to comply with the district court's order. There was no clear error in denying defendant's request to enforce that order.

3. Because defendant has offered no evidence that government agents seized items not specified in the warrant, there was no clear error in denying his request for a protective order.

4. Defendant isn't entitled to compel his co-defendant's former counsel to disclose information. The district court's denial of his request to do so was not clear error.

5. Because the government was "responsible for [the] collection" of the special assessment, 18 U.S.C. § 3612(c), it had "a legitimate reason to retain" the $800 seized from defendant's home. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987). The government returned the remaining funds and defendant has offered no evidence that the bills were antiques or collectors' items. There was no clear error in denying defendant's request to order the government to return the bills.

6. Defendant's appeal of the district court's order denying his request for documents is dismissed as moot because the government has given him the documents he requested.

**AFFIRMED in part, DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

